IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 28, 2009

**JERMEIL TARTER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sullivan County**
**No. C54,056    R. Jerry Beck, Judge**

---

**No. E2009-00078-CCA-R3-PC - Filed February 22, 2010**

---

The pro se Petitioner, Jermeil Tarter, appeals as of right from the Sullivan County Criminal Court's denial of his petition for post-conviction relief attacking his conviction for sale of .5 grams or more of cocaine within a school zone.  Upon preliminary consideration, the post-conviction court found that the petition failed to state a cognizable claim and summarily dismissed the petition.  On appeal, the Petitioner claims that the post-conviction court should have appointed counsel, allowed amendment of the petition, and conducted an evidentiary hearing.  Following our review, we affirm the summary dismissal of the petition for post-conviction relief.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., joined.  JOSEPH M. TIPTON, P.J., filed a dissenting opinion.

Jermeil Tarter, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

The record reflects that the Petitioner was convicted by a Sullivan County Criminal Court  jury of sale of .5 grams or more of cocaine within a school zone, delivery of .5 grams or more of cocaine within a school zone, and possession of more than .5 grams of cocaine within a school zone.  On direct appeal to this court, we affirmed the jury convictions but

merged the convictions for possession and delivery into the conviction for sale of .5 grams or more of cocaine within a school zone. State v. Jermeil Ralph Tarter, No. E2005-01013-CCA-R3-CD, 2006WL568158, at *1 (Tenn. Crim. App. Mar. 8, 2006), app. denied (Tenn. Aug. 21, 2006). The Petitioner is serving a twenty-year sentence.

On August 15, 2007, the Petitioner filed a timely petition for post-conviction relief. As grounds for relief, the petitioner utilized the checklist of the uniform post-conviction petition form. Among those allegations listed in the checklist, he claimed that his conviction was based on the use of evidence obtained by an unlawful search and seizure as well as an unlawful arrest. He also alleged that the prosecution failed to disclose exculpatory evidence, that the grand jury or petit jury was unconstitutionally selected and impaneled, that he now has newly discovered evidence, that his conviction was based upon illegal evidence, that he was denied the effective assistance of counsel at trial and on appeal,  and "other grounds." Upon preliminary consideration pursuant to Tennessee Code Annotated section 40-30-106, the post-conviction court found that the petition failed to state a cognizable claim. The post-conviction court summarily dismissed the petition without allowing an amendment or appointment of counsel.  See Tenn. Code Ann. § 40-30-106(d) (in its discretion, trial court may order amendment of a petition in compliance with the pleading requirements of the Post-Conviction Relief Act).

ANALYSIS

The Post-Conviction Procedure Act provides relief from a "conviction or  sentence [that] is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103.  The Act requires that a petition for post-conviction relief must specify clearly all grounds for relief and set forth a "full disclosure of the factual basis of those grounds." Tenn. Code Ann. § 40-30-106(d). Similarly, "bare allegation[s] that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant further proceedings.  Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition." Tenn. Code Ann. § 40-30-106(d).  "If, however, the petition was filed pro se, the judge *may* enter an order stating that the petitioner must file an amended petition that complies with [section 40-30-106(d)] within fifteen days or the petition will be dismissed." Id. (Emphasis added).

In its August 23, 2007 order summarily dismissing the post-conviction petition, the post-conviction court misinterpreted an attachment listing the issues raised in the Petitioner's Rule 11 application on direct appeal as the factual allegations to support the claims for post-conviction relief.  As a result, the post-conviction court found that these factual allegations did not present a cognizable claim and dismissed the petition pursuant to Tennessee Code

Annotated section 40-30-106(d). Notably, the post-conviction court chose not to allow amendment of the pro se petition, which was within its discretion. Also, the petitioner failed to include in the petition the factual allegations to support his claims, rendering the petition subject to summary dismissal, but for reasons different than those found by the trial court.

Upon realizing that the post-conviction court mistook the list of appellate issues as factual allegations in support of the post-conviction claims, the Petitioner filed a "Motion to Vacate Judgment, Alternatively, Notice of Appeal." In the motion, the Petitioner acknowledged that he failed to include factual allegations in support of the petition and sought to amend the petition by including the factual allegations. We conclude that the Petitioner's post-judgment motion is of no consequence to our analysis on appeal. Allowing a post-judgment amendment to a fatally defective petition circumvents the discretion of post-conviction court to summarily dismiss the petition pursuant to Tennessee Code Annotated section 40-30-106(d).

Based upon these considerations, we conclude that although the post-conviction court's basis for dismissal was erroneous, the petition was still subject to summary dismissal for failure to include factual allegations in support of the claims. When presented with the insufficient petition, the post-conviction court exercised its discretion in dismissing the petition, rather than ordering an amendment. Therefore, we conclude that the judgment of the post-conviction should be affirmed.

## CONCLUSION

In consideration of the foregoing, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE